UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-CV-23078-MGC

HANNIBAL BURESS,

    Plaintiff(s),

vs.

CITY OF MIAMI, MIAMI POLICE OFFICER LUIS VERNE, AND MIAMI POLICE OFFICER ELIO VILLEGAS,

    Defendant(s).

_____ /

## CITY OF MIAMI, OFFICER LUIS VERNE, OFFICER ELIO VILLEGAS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Defendants, CITY OF MIAMI, OFFICER LUIS VERNE, and OFFICER ELIO VILLEGAS move to dismiss the First Amended Complaint [D.E. 26], and state:

### FACTUAL BACKGROUND

On the evening of December 9, 2017, an extremely drunk[1] individual walked up to Miami Police Officer Luis Verne and told him to call him an Uber and he would give him $20. *First Amended Complaint*, para. 15. The officer could not do so but offered to find him a cab. The drunk individual refused that offer. Shortly thereafter, the drunk individual turned to Officer Verne making sure the body worn camera of the officer was on and stated into the camera "Hey it's me. What's up. This cop is stupid as fuck." *First Amended Complaint*, para. 21. Shortly

---

[1] Plaintiff is a comedian and has written and performed his first comedy special in four years based on the incident. *Hannibal Buress: Miami Nights*, July 3, 2020, YouTube. Plaintiff has repeatedly publicly acknowledged that he was both drunk and instigated the incident including on that comedy special and on the *Joe Rogan Experience #1505*, July 9, 2020, YouTube.

Case 1:20-cv-23078-MGC   Document 27   Entered on FLSD Docket 02/12/2021   Page 2 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

thereafter, the extremely drunk individual was arrested by Officer Verne. That individual was Plaintiff, Hannibal Buress.

Officer Verne handcuffed and arrested Plaintiff. ***First Amended Complaint***, para. 22-23. Officer Elio Villegas arrived at the scene after Officer Verne had already handcuffed and arrested Plaintiff for "resisting". ***First Amended Complaint***, para. 22-23.

Plaintiff has sued Officer Villegas in Count III for Failure to Intervene under 42 USC 1983. This claim is based on the allegation that "at no point … did Defendant Officer Villegas ask for further information from Defendant Officer Verne about the legitimacy of the arrest and detention." ***First Amended Complaint***, para. 36.

Under Eleventh Circuit jurisprudence there is no claim for Failure to Intervene in an arrest under these facts. Officer Villegas is entitled to qualified immunity and Count III must be dismissed.

## MEMORANDUM OF LAW

### Standard of Review

When ruling on a motion to dismiss, the court "accepts the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." ***Keating v. City of Miami***, 598 F.3d 753, 762 (11th Cir. 2010). To avoid dismissal, the "complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. ***Id***.

Case 1:20-cv-23078-MGC   Document 27   Entered on FLSD Docket 02/12/2021   Page 3 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

### Shotgun Pleading

In the Amended Complaint, Plaintiff has asserted six counts. Plaintiff has repeated and realleged all preceding paragraphs in the Amended Complaint. This form of pleading is specifically prohibited and requires dismissal without prejudice to require proper pleading:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[11] The next most *1322 common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.[12] The third type of *1323 shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.[13] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[14] The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.[15]

***Weiland v. Palm Beach Cty. Sheriff's Office***, 792 F.3d 1313, 1321–23 (11th Cir. 2015) Accordingly, the Amended Complaint must be dismissed without prejudice.

### Qualified Immunity

#### Standard

Officer Villegas is entitled to qualified immunity on Plaintiff's Federal constitutional claims asserted under §1983. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." ***Dalrymple v. Reno***, 334 F.3d 991, 994 (11th Cir. 2003) (internal quotation marks omitted). "When properly applied, [qualified immunity] protects 'all but the plainly incompetent

Case 1:20-cv-23078-MGC Document 27 Entered on FLSD Docket 02/12/2021 Page 4 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

or those who knowingly violate the law.' " ***Ashcroft v. al-Kidd***, 563 U.S. 731, 743, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

To be clearly established, a right must be well-established enough "that every reasonable official would have understood that what he is doing violates that right." ***Reichle v. Howards***, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) (internal quotation marks omitted and alteration adopted). In other words, "existing precedent must have placed the statutory or constitutional question <u>beyond debate</u>" and thus given the official fair warning that his conduct violated the law. *Id*. (emphasis added); ***Coffin v. Brandau***, 642 F.3d 999, 1013 (11th Cir. 2011) (en banc) ("The critical inquiry is whether the law provided [Defendant officers] with 'fair warning' that their conduct violated the Fourth Amendment.").

Fair warning is most commonly provided by materially similar precedent from the Supreme Court, this Court, or the highest state court in which the case arose*. **See Terrell v. Smith***, 668 F.3d 1244, 1255 (11th Cir. 2012). However, a judicial precedent with identical facts is not essential for the law to be clearly established. ***Youmans v. Gagnon***, 626 F.3d 557, 563 (11th Cir. 2010). Authoritative judicial decisions may "establish broad principles of law" that are clearly applicable to the conduct at issue. ***Griffin Indus., Inc. v. Irvin***, 496 F.3d 1189, 1209 (11th Cir. 2007). And occasionally, albeit not very often, it may be obvious from "explicit statutory or constitutional statements" that conduct is unconstitutional. *Id.* at 1208–09. In all of these circumstances, qualified immunity will be denied only if the preexisting law by case law or otherwise "make[s] it obvious that the defendant's acts violated the plaintiff's rights in the specific set of circumstances at issue." ***Youmans***, 626 F.3d at 563.

A defendant who asserts qualified immunity has the initial burden of showing he was acting within the scope of his discretionary authority when he took the allegedly unconstitutional

Case 1:20-cv-23078-MGC   Document 27   Entered on FLSD Docket 02/12/2021   Page 5 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

action. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Assuming the defendant makes the required showing, the burden shifts to the plaintiff to establish that qualified immunity is not appropriate by showing that (1) the facts alleged make out a violation of a constitutional right and (2) the constitutional right at issue was clearly established at the time of the alleged misconduct. *See Perez v. Suszczynski*, 809 F.3d 1213, 1218 (11th Cir. 2016). Plaintiff does not dispute that Defendants were acting in their discretionary authority when they arrested him on December 9, 2017. The burden thus lies with Plaintiff to show that his arrest violated a constitutional right and that the right was clearly established at the time of the arrest. *See id*. Plaintiff cannot satisfy either prong of this analysis. Further, even if the arrest was unconstitutional, since Officer Villegas was not present at the time Plaintiff was taken into custody and had no supervisory authority over Officer Verne is entitled to qualified immunity.

## Clearly Established Law

Even an officer who has arrested someone without probable cause might still be entitled to qualified immunity. This is so because the "clearly-established" inquiry does not ask whether there was probable cause in actuality. Instead, it asks whether the preexisting law was so clear that, given the specific facts facing a particular officer, one must say that "every reasonable official would have understood that what he is doing violates" the Constitutional right at issue. *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074.

The Supreme Court has often repeated the directive "not to define clearly established law at a high level of generality." *Mullenix v. Luna*, U.S., 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (internal quotation marks omitted). *See also White v. Pauly*, U.S., 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) ("Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality." (internal quotation

Case 1:20-cv-23078-MGC   Document 27   Entered on FLSD Docket 02/12/2021   Page 6 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

marks omitted)); *City & Cnty. of San Francisco, Ca. v. Sheehan*, U.S., 135 S.Ct. 1765, 1775–76, 191 L.Ed.2d 856 (2015) (overruling the denial of qualified immunity and explaining that "[q]ualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."); *Plumhoff v. Rickard*, U.S., 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014) (overruling the denial of qualified immunity and commanding courts "not to define clearly established law at a high level of generality ... since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."); *Reichle*, 566 U.S. at 665, 132 S.Ct. 2088 (reversing the denial of qualified immunity and reiterating that "we have previously explained that the right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." (quotations and citations omitted) ); *al-Kidd*, 563 U.S. at 742, 131 S.Ct. 2074 (overruling the denial of qualified immunity); *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (overruling the denial of qualified immunity: assertion of a general constitutional or statutory right is insufficient to defeat qualified immunity because "[i]f the test of 'clearly established law' were to be applied at this level of generality, ... [p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."). Rather, the clearly established law inquiry "must be particularized to the facts of the case." *White*, 137 S.Ct. at 552 (internal quotation marks omitted).

Reframing the analysis to conform with the direction of the Supreme Court, the dispositive question is whether it was already clearly established, as a matter of law, that at the time of Plaintiff's arrest, an objective officer could not have concluded reasonably that probable cause existed to arrest Plaintiff *under the particular circumstances Defendants confronted*. *See*

Case 1:20-cv-23078-MGC Document 27 Entered on FLSD Docket 02/12/2021 Page 7 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

*Mullenix*, 136 S.Ct. at 308 ("The dispositive question is whether the violative nature of *particular* conduct is clearly established." (internal quotation marks omitted)). Again, resolution of the clearly-established test does not depend on whether a judge might decide later that probable cause was lacking in fact. Instead, the test asks whether already existing law was so clear that, given the specific facts facing this particular officer, one must conclude that "every reasonable official would have understood that what he is doing violates" the Constitutional right at issue. *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074. That judges disagree about a constitutional issue is itself evidence that a right is insufficiently clearly established for purposes of denying qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 618, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (noting that "[i]f judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy.").

<u>Failure to Intervene in an Allegedly False Arrest False</u>

Officer Villegas was not at the scene at the time of the arrest. He arrived after Plaintiff was already in custody and handcuffed. Officer Villegas did not fill out the arrest form. He did not even transport the Plaintiff to jail. He had no supervisory authority over Officer Verne who did arrest Plaintiff. The Eleventh Circuit has found that this set of facts cannot serve as a basis for a claim under 42 USC 1983 against a law enforcement officer. "It is undisputed that Investigator Hudson, whom Sonia did not sue, was the officer who witnessed Sonia's behavior and actually arrested and handcuffed Sonia and signed the criminal complaint against Sonia. The district court did not err in granting qualified immunity to Defendants Norris and Anderson because they did not participate in Sonia's arrest and were not Hudson's supervisors." ***Brown v. City of Huntsville, Ala.,*** 608 F.3d 724, 736–37 (11th Cir. 2010).

Case 1:20-cv-23078-MGC Document 27 Entered on FLSD Docket 02/12/2021 Page 8 of 10

Buress v. City of Miami, et al.
Case No.: 20-CV-23078-MGC

To establish §1983 liability, a plaintiff must show "proof of an affirmative causal connection" between a government actor's acts or omissions and the alleged constitutional violation, which "may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation." ***Zatler v. Wainwright***, 802 F.2d 397, 401 (11th Cir.1986). Merely being present with the arresting officers at the scene is not enough, unless the plaintiff can show that the defendant officer was part of the chain of command authorizing the arrest action. ***Brown v. City of Huntsville, Ala.,*** 608 F.3d 724, 736–37 (11th Cir. 2010).

Here, the facts do not show personal participation by Officer Villegas in Plaintiff's arrest. As the court ruled in Brown:

> Viewed in the light most-favorable to Plaintiff Sonia, while Defendant Norris was arresting Plaintiff Brown, he said "arrest [Sonia], too."[20] However, Norris was not Hudson's supervisor or even in Hudson's chain of command. Hudson had his own authority to arrest and actually utilized it at the scene. While Hudson was arresting Sonia, Norris was busy arresting Brown and testified that he was not aware Hudson was arresting Sonia. There was no active personal participation by Norris in Sonia's arrest, much less an opportunity to intervene in Hudson's arrest at the scene. At most, Plaintiffs have shown that Norris arguably *wanted* Hudson to arrest Sonia. But an officer's subjective intent is irrelevant in a qualified immunity analysis. Because Norris did not arrest Sonia and had no supervisory control over the officer who did, qualified immunity is appropriate.

Accordingly, the district court did not err in granting qualified immunity to Defendants Norris and Anderson on Sonia's §1983 claims for false arrest. ***Brown v. City of Huntsville, Ala.,*** 608 F.3d 724, 737 (11th Cir. 2010). The facts relating to Officer Villegas's conduct do not even approach those of Officer Norris in ***Brown***. Norris was present at the time of the arrest of Sonia and shouted to another officer to arrest her. Yet Norris received qualified immunity. Clearly, Officer Villegas is entitled to qualified immunity.

Buress v. City of Miami, et al.<br>
Case No.: 20-CV-23078-MGC

## CONCLUSION

Accordingly, Officer Villegas is entitled to qualified immunity on Plaintiff's §1983 claim (Count III) and that claim must be dismissed with prejudice. Additionally, the First Amended Complaint must be dismissed without prejudice as to all Defendants because of the shotgun pleading.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
HENRY J. HUNNEFELD, Legal Consultant
**Attorneys for Defendants**
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Telephone:     (305) 416-1800
Facsimile:      (305) 400-5071
Primary Email:          hjhunnefeld@miamigov.com
Secondary Email:       ddiaz@miamigov.com

By:   *Henry J Hunnefeld*
      Henry J. Hunnefeld
      Florida Bar No. 343811

## CERTIFICATE OF SERVICE

I hereby certify that on February 12th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *Henry J Hunnefeld*
      Henry J. Hunnefeld
      Florida Bar No. 343811

**Buress v. City of Miami, et al.**
**Case No.: 20-CV-23078-MGC**

## SERVICE LIST

Faudlin Pierre, Esq.
Pierre Simon, LLC
600 Southwest 4th Avenue
Ft. Lauderdale, Florida  33315
fplaw08@yahoo.com
***Attorney for Hannibal Buress***