UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HANNIBAL BURESS, | ) |
| | ) |
| Plaintiff, | )  Case No. 20-cv-23078-SCOLA |
| | ) |
| v. | ) |
| | )  The Hon. Robert N. Scola, Jr. |
| CITY OF MIAMI, *et al.*, | )  Magistrate Judge Jonathan Goodman |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTIONS *IN LIMINE*** 

Plaintiff Hannibal Buress, by his undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, Southern District of Florida Local Rules, and this Court's Order (Dkt. No. 132), submits the following motions *in limine*.  In support thereof, Plaintiff states as follows:

**LEGAL STANDARD**

District courts have broad discretion when ruling on motions *in limine* pursuant to their inherent authority to manage trials.  *Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.*, No. 1:18-CV-3379-MHC, 2023 WL 3875063, at *1 (N.D. Ga. Apr. 19, 2023) (citations omitted).  "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial."  *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015) (citation omitted).  Motions *in limine* allow the trial judge to preemptively exclude any reference to evidence that is clearly inadmissible for any purpose.  *Id.*

Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and that fact is "of consequence in determining the action."  Fed. R. Evid. 401.  Evidence that is irrelevant is not admissible.  Fed. R. Evid. 402. Further, "the court may exclude relevant evidence if its probative value is substantially

1

outweighed by a danger of" unfair prejudice. Fed. R. Evid. 403. Federal Rule of Evidence 404 (a)(1) prohibits character evidence to prove "that on a particular occasion the person acted in accordance with the character or trait." Federal Rule of Evidence 404(b) prohibits the use of prior "bad acts" to attack a witness's credibility or to argue that an individual had a propensity to act in a certain negative manner.

### Plaintiff's Motion *in Limine* No. 1

**Defendants Should Be Barred From Introducing Evidence of Plaintiff's Criminal History**

Plaintiff believes that Defendants intend to introduce evidence of Plaintiff's criminal history in an attempt to discredit him and persuade the jury that Defendants were justified in arresting him. Defendants should be barred from introducing this evidence because it is wholly irrelevant to Plaintiff's claims, has no probative value, and is unduly prejudicial.

Plaintiff's limited criminal history includes: (1) in August 2009, in Chicago, Illinois, Plaintiff was arrested and ultimately pled guilty to misdemeanor reckless driving; (2) sometime between 2001 to 2003, when Plaintiff was in college in Carbondale, Illinois, he was arrested, charged with possession of a stolen bicycle, and took a plea and paid a fine; (3) sometime between 2000 to 2001, when Plaintiff was 17 years old and in college in Carbondale, Illinois, he was arrested, charged with disorderly conduct, and paid a fine; (4) sometime between 1998 to 1999, in Chicago, Illinois, when Plaintiff was 15 or 16 years old, he was arrested after he ran away from the police, but he was not charged with any crime. Plaintiff completed community service and was sentenced to probation for one or both of the arrests that occurred in college.

These four minor incidents from over a decade ago, including two when Plaintiff was a juvenile, have no relevance to any issue that will be tried in this case. Evidence of Plaintiff's prior interactions with the police and the criminal legal system have no bearing on Defendants'

obligations to refrain from false and retaliatory arrests. Importantly, the jury need not know about Plaintiff's criminal history to determine whether or not Defendants violated his constitutional rights. Defendants may claim that Plaintiff's prior arrests and convictions are relevant to assess the reasonableness of Defendants' conduct in the instant case. But these prior incidents are factually dissimilar and temporally distant from the events of this case, and were unknown by Defendants at the time of the false arrest. *See Bryant v. Mascara*, 800 F. App'x 881, 885-87 (11th Cir. 2020) (finding that probationary status of decedent who was shot and killed by the defendant officer was "prejudicial and not relevant" to issue of whether officer's use of force was reasonable in light of what the officer knew at the time and was therefore impermissible character evidence); *Anderson v. Brown Indus.*, No. 4:11-CV-0225-HLM, 2014 WL 12521732, at *8 (N.D. Ga. Mar. 14, 2014) (granting motion *in limine* to exclude Plaintiff's criminal history where the "convictions are over twenty years old, do not involve false statements or dishonesty, and have little, if any, relevance to this case"). Defendants should therefore be barred from introducing this evidence under Federal rules of Evidence 401 and 402.

Indeed, Plaintiff's past arrests and convictions are precisely the type of character evidence prohibited by Rule of Evidence 404. *See United States v. Jeune*, No. 19-13018, 2021 WL 3716406, at *10 (11th Cir. Aug. 23, 2021) (excluding evidence of Defendant's prior acts of tax fraud, which purportedly would suggest she is likely to commit tax fraud again, because "[t]his is a clear propensity argument—which, by its express terms, Rule 404(b) does not allow"); *Luke v. Brown*, No. 1:05-cv-246; 2007 WL 4730648, *4 (N.D. Ga. 2007) (excluding plaintiff's prior felony convictions on the grounds that they were inadmissible character evidence and not relevant to the issue of whether the officer's actions were objectively reasonable on night

3

of shooting). Defendants should not be able to use Plaintiff's criminal history as a proxy for bad character and therefore this evidence should be barred under Rule 404.

Moreover, evidence of Plaintiff's criminal history would be highly and unfairly prejudicial, and as the prejudicial effect would substantially outweigh any probative value, this evidence should be barred under Federal Rule of Evidence 403. Introduction of this evidence could only serve to inflame the jury against Plaintiff. There is a risk that the jury could conclude that Plaintiff is a bad person and hold that supposed fact against him in determining whether Defendants violated his constitutional rights. *See Santana v. Carnival Corp.*, No. 09-cv-23113, 2011 WL 13220283, at *8 (S.D. Fla. Sept. 7, 2011), *order clarified*, 2011 WL 13220384 (S.D. Fla. Sept. 8, 2011) ("As established by Eleventh Circuit case law, a jury may misuse [prior conviction] evidence by concluding that Plaintiff is a person of criminal tendencies."); *Robbins v. Robertson*, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *4 (M.D. Ga. July 28, 2022) (barring defendants in civil rights suit "from inquiring into the underlying facts of Plaintiff's conviction" because "the probative value of Plaintiff's conviction[s] . . . are substantially outweighed by the danger of undue prejudice"); *Anderson*, 2014 WL 12521732, at *8 (granting motion *in limine* to exclude evidence of prior convictions and holding that the defendants' arguments for their relevance and probative value "do not overcome the fact that evidence of the prior convictions . . . will be unduly prejudicial to Plaintiff").

Additionally, Plaintiff's convictions are not admissible to impeach his truthfulness under Federal Rule of Evidence 609. First, all of Plaintiff's convictions are for misdemeanors offenses and therefore are not admissible under Rule 609(a)(1). *See United States v. Beverly*, No. 7:10-CR-008-001 (WLS), 2012 WL 12895565, at *3 (M.D. Ga. June 27, 2012) ("It is undisputed that the DUIs were misdemeanors and thus, inadmissible in and of themselves for the purpose of

4

impeaching [witness's] credibility." (citing *U.S. v. Dunham Concrete Prods., Inc.*, 475 F.2d 1241, 1250 (5th Cir. 1973) ("[O]nly prior convictions of felonies or of misdemeanors involving moral turpitude are admissible in evidence to impeach the credibility of a witness."))). Second, none of Plaintiff's convictions were for crimes involving the kind of dishonesty or fraud that would make them admissible under Rule 609(a)(2). *See United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."); *McCranie v. Hoffman Elec. Co.*, No. CV408-011, 2010 WL 11534308, at *1 (S.D. Ga. Mar. 31, 2010) ("The Court agrees that evidence of a past conviction for DUI is irrelevant and improper impeachment."); *Bailey v. Final Touch Acrylic Spray Decks, Inc.*, No. 6:06-CV-1578-ORL-19JGG, 2008 WL 351694, at *2 (M.D. Fla. Feb. 7, 2008) ("[A] disorderly conduct conviction would not meet the requirement of Rule 609 that the crime . . . necessitate proof of a dishonest act or false statement."); *Green v. Croft*, 347 F. Supp. 3d 1156, 1161 (S.D. Fla. 2018) (finding that probative value of witness' prior convictions for battery and resistance was low since they are not crimes of dishonesty). Third, Plaintiff's convictions are old, having occurred between 14 and 23 years ago and therefore are not admissible under Rule 609(b). *See United States v. Young*, 574 F. App'x 896, 902 (11th Cir. 2014) ("Temporal remoteness of the [prior conviction] depleted th[e] evidence of any force of probity whatsoever."); *United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir. 1987) ("This circuit has held that a presumption exists against the use of prior crime impeachment evidence over ten years old and that such convictions will be admitted very rarely and only in exceptional circumstances." (quotation marks and citation omitted)); *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *6 (S.D. Fla. Apr. 27, 2020) (granting motion *in limine* because the "prejudicial effect of the Plaintiff's [eighteen-year-old] convictions outweigh any probative

value"); *Moecker v. Honeywell Int'l, Inc.*, No. 5:97-cv-329-Oc-10GRJ, 2001 WL 34098650, at *4 (M.D. Fla. Jan. 29, 2001) ("[T]he probative value of [witness's] 15 year old drug conviction does not substantially outweigh its prejudicial effect and would not be helpful to the jury on the issue of credibility."). Fourth, Plaintiff's juvenile adjudication is inadmissible under Rule 609(d), which prohibits evidence of juvenile adjudications in civil suits. *United States v. Pilati*, No. 3:07-CR-00082-JEO, 2007 WL 9684457, at *8 (N.D. Ala. Oct. 24, 2007) (juvenile conviction for misdemeanor theft inadmissible because "juvenile convictions generally are inadmissible under Rule 609" and "because the incident involved a misdemeanor offense and not a crime of dishonesty or false statement"). Fifth, Plaintiff's juvenile arrest that did not lead to a conviction is not even contemplated by Rule 609. *See Bejerano v. Flex Fla. Corp.*, No. 18-cv-20049, 2019 WL 5457074, at *4 (S.D. Fla. Oct. 24, 2019) ("Rule 609 cannot be used to impeach a witness's credibility for the mere existence of an arrest.").

Finally, Plaintiff's prior juvenile arrest is admissible because prior arrests that do not result in convictions are generally inadmissible as improper character evidence under Rule 404(b) and as unduly prejudicial under Rule 403. *See Bejerano*, 2019 WL 5457074, at *4 ("[U]nder our constitutional scheme a defendant is presumed innocent until proven guilty, and therefore an arrest, without more, is quite consistent with innocence and yet its mention may prejudice the jury against defendant." (quoting *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978)); *Gov't Emps. Ins. Co. v. Seco*, No. 21-24155-CIV, 2022 WL 17582576, at *4 (S.D. Fla. Dec. 12, 2022) (explaining that "normally the mere existence of an arrest is not admissible to impeach the credibility of a witness" and granting motion *in limine* to exclude evidence of arrests under "both Rule 403 and Rule 404(b)").

Accordingly, Defendants should be barred from presenting evidence of or inquiring into Plaintiff's criminal history.

### Plaintiff's Motion *in Limine* No. 2

**Defendants Should Be Barred From Introducing Evidence Regarding Plaintiff's Discussions With Streaming Platforms Regarding the Miami Nights Comedy Special**

Plaintiff produced and performed in a 2020 comedy special called *Miami Nights*. This special is one-hour long and contains approximately 20 minutes of content related to Plaintiff's arrest and the events at issue in this lawsuit. The majority of the special focuses on other material. Prior to publicly releasing *Miami Nights*, Plaintiff and his agent explored the possibility of releasing the special through Netflix or Amazon Prime. For the special and all intellectual property rights associated with it, Netflix offered Plaintiff approximately $1 million and Amazon Prime offered $500,000. Ultimately, Plaintiff decided to release the special on YouTube and to retain ownership of his intellectual property. Defendants will likely seek to introduce evidence that Plaintiff could have entered a contract with a streaming service for *Miami Nights* and suggest that the arrest-related material provided a financial benefit to Plaintiff. This evidence is irrelevant and will confuse the jury as it seeks to calculate Plaintiff's damages. This Court should therefore exclude it.

Plaintiff's arrest occurred in 2017. At trial, he will present evidence that the arrest and the resulting media coverage adversely affected his professional reputation and his earning capacity. This adverse effect is most demonstrable immediately after the arrest, when Plaintiff lost income after one of his performances was cancelled because of the arrest and resulting media coverage. Plaintiff and his proposed expert will explain to the jury that these missed opportunities shortly after the arrest had a domino effect on his career and deprived him of exposure and employment opportunities. In short, in the entertainment industry, work begets

work. The fact that nearly three years after the arrest, streaming services offered to buy Plaintiff's comedy special has no connection to the harm Plaintiff suffered in the immediate aftermath of his arrest. This evidence lacks any probative value and should therefore be excluded. Fed. R. Evid. 403.

Further, the introduction of Plaintiff's communications with streaming services will create significant confusion for the jury. The jury could be misled into believing that Plaintiff was offered compensation for a special that focused exclusively on the arrest—when in reality the arrest material was a mere fraction of the entire special. Additionally, the offers Plaintiff received were never executed or finalized. Plaintiff's recollection that the streaming services offered a certain sum during preliminary negotiations does not mean that the final offer would have been at the same number. Evidence about the aborted 2020 negotiations for the *Miami Nights* comedy special is too far removed from the 2017 arrest to be relevant and will serve only to confuse the jury as it calculates Plaintiff's damages. *Deman Data Sys., LLC v. Schessel*, No. 8:12-CV2580-T-24-EAJ, 2015 WL 84522, at *1 (M.D. Fla. Jan. 7, 2015) (prohibiting evidence of an invalid operating agreement in a business dispute because it was no longer relevant to the case and because "its probative value is substantially outweighed by the dangers of unfair prejudice and of confusing the jury.").

Accordingly, Defendants should be barred from presenting evidence of or inquiring into Plaintiff's discussions with streaming platforms regarding the *Miami Nights* comedy special.

### Local Rule 7.1(a)(3) Certificate of Conferral

Counsel for Plaintiff has conferred via email with Counsel for Defendants regarding the relief sought herein. Defendants oppose both of Plaintiff's Motions *in Limine*.

Respectfully submitted,

**HANNIBAL BURESS**

By: /s/ Faudlin Pierre
    One of his attorneys

Faudlin Pierre
PIERRE SIMON
600 SW 4th Avenue
Fort Lauderdale, Florida 33131
(305) 336-9193
Fplaw08@yahoo.com

Sheila Bedi
Kara Crutcher
Community Justice Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-2492
sheila.bedi@law.northwestern.edu
kara.crutcher@law.northwestern.edu

Vanessa del Valle
Danielle Berkowsky
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-5932
vanessa.delvalle@law.northwestern.edu
danielle.berkowsky@macarthurjustice.org

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on July 11, 2023.

/s/ Faudlin Pierre