**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| HANNIBAL BURESS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-23078-RNS |
| | ) | |
| v. | ) | |
| | ) | The Hon. Robert N. Scola, Jr. |
| CITY OF MIAMI, *et al.*, | ) | Magistrate Judge Jonathan Goodman |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3**

Plaintiff Hannibal Buress, by his undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, Southern District of Florida Local Rules, and this Court's Order (Dkt. No. 190), submits the following motion *in limine* to bar evidence of Defendant Verne's purported "good character." In support thereof, Plaintiff states as follows:

On July 11, 2023, Plaintiff filed his motion *in limine* no. 1 and motion *in limine* no. 2 (ECF No. 148) in accordance with the deadline set in the Second Amended Scheduling Order (ECF No. 132). Those motions *in limine* are fully briefed (ECF Nos. 152, 158) and the parties have requested a ruling on their pending motions *in limine* (ECF. No. 189). Since then, this Court has denied Defendants Verne and the City's motions for summary judgment and entered the Third Amended Scheduling Order, setting March 10, 2025, as the deadline to file motions *in limine* (ECF No. 190).

On February 21, 2025, Defendants produced several photographs depicting Defendant Verne while on duty and/or in uniform, while training, posing with awards, posing with black children, feeding a dog, and at charity events. Defendants issued this production nearly two years after the close of fact discovery in this case and just over two months before trial. This disclosure is not only untimely but also inadmissible under Federal Rule of Evidence 404(a) and

1

therefore Plaintiff moves *in limine* to exclude this evidence and any other evidence of Defendant Verne's "good character" from trial.

Defendants have said that they may seek to introduce evidence of Defendant Verne's "good character," including through these untimely photographs, prior work-related commendations, awards, complimentary history, promotions, or charitable work. Plaintiff objects to any attempt to interject good character evidence into trial. Rule 404(a) could not be clearer that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

Evidence of commendations, awards, charitable work, and the like cannot possibly be relevant to any issue in this trial other than to suggest that Defendant Verne is a good person who likely acted in conformity with that good character when he engaged in the conduct that forms the basis for Plaintiff's claims. This evidence constitutes "improper bolstering," and should be excluded "when the purpose of the evidence is to vouch for a witness's credibility." *Garcias v. GEICO General Ins. Co.*, 807 F.3d 1228, 1234 (11th Cir. 2015). Courts throughout this Circuit have repeatedly barred precisely the same kind of evidence Plaintiff seeks to bar here. *See, e.g.*, *Abella v. Rodriguez*, No. 18-24889-CV-GRAHAM, 2021 WL 6932178, at *4 (S.D. Fla. July 19, 2021) (barring defendant officer from introducing evidence "of his own good character, including testimony and exhibits from his personnel file with the Miami-Dade Police Department" because the evidence "would only serve to improperly bolster the witness"); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19md2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) ("Courts typically consider evidence of military or police commendations as impermissible character evidence."); *Patrick v. Everett*, No. 2:09-CV-1825-VEH, 2013 WL

1346450, at *6 (N.D. Ala. Mar. 28, 2013) (finding that counsel for the defendant officers were prohibited "from eliciting testimony or arguing or commenting on, the alleged good character of Defendants"); *Murphy v. Precise*, No. 1:16-CV-0143-SLB-DAB, 2017 WL 6002581, at *11-12 (M.D. Ala. Dec. 1, 2017) (barring defendant from offering evidence or testimony referencing his good character, including evidence that he "is a caring, dedicated, etc., health care professional"; that he "has dedicated his life to trying to take care of patients safely"; and that he does "good" in treating patients).

Accordingly, Defendants should be barred from introducing evidence or argument regarding Defendant Verne's purported "good character," including evidence or reference to any commendations, awards, complimentary history, promotions, charitable work, or similar.

### Local Rule 7.1(a)(3) Certificate of Conferral

Counsel for Plaintiff has conferred telephonically with Counsel for Defendants regarding the relief sought herein. Defendants oppose Plaintiff's Motion *in Limine*.

Respectfully submitted,

**HANNIBAL BURESS**

By: /s/ Faudlin Pierre
One of his attorneys

Faudlin Pierre
PIERRE SIMON
600 SW 4th Avenue
Fort Lauderdale, Florida 33131
(305) 336-9193
Fplaw08@yahoo.com

Vanessa del Valle
Kaplan & Grady LLC
2071 N. Southport Avenue, Ste. 205
Chicago, Illinois 60614
(312) 852-2184
vanessa@kaplangrady.com

Sheila Bedi
Community Justice Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-2492
sheila.bedi@law.northwestern.edu

Danielle Berkowsky
Roderick and Solange MacArthur Justice Center
160 East Grand Avenue
Chicago, IL 60611
(312) 503-0899
danielle.berkowsky@macarthurjustice.org

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on March 10, 2025.

/s/ Faudlin Pierre