United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hannibal Buress, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-23078-Civ-Scola |
| | ) |
| City of Miami, and others, | ) |
| Defendants. | ) |

### Order on Plaintiff's Motions in Limine

    This matter comes before the Court upon the Plaintiff's motions *in limine* (ECF Nos. 148, 203). The Defendants have filed their responses (ECF Nos. 152, 209.) The Plaintiff filed a reply in support of its first motion *in limine* (ECF No. 158). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **grants in part** and **denies in part** the Plaintiff's first motion *in limine* (**ECF No. 148**) and **denies** the Plaintiff's second motion *in limine* (**ECF No. 203**).

    "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F.Supp.2d 1341, 2345 (S.D. Fla. 2010) (Middlebrooks, J.). Moreover, "[t]he movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* Therefore, "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Sec. & Exch. Comm'n v. MintBroker Int'l, Ltd.* No. 21-CV-21079, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) (Bloom, J.) (citation omitted).

    The Plaintiff seeks to bar evidence of (1) his prior criminal history; (2) his discussions with streaming platforms regarding the *Miami Nights* Comedy Special; and (3) evidence of Defendant Verne's good character. As discussed below, the Court **grants** the Plaintiff's motion *in limine* with respect to his prior criminal history but **denies** his motions with respect to the other pieces of evidence.

I.    Analysis

**A. Plaintiff's Prior Criminal History**

The Plaintiff's motion *in limine* to exclude evidence of his prior criminal history is **granted**. "Evidence of a crime, wrong, or other act is inadmissible to prove a person's character to show that the person acted in accordance with that character on a particular occasion." *Anderson v. Mascara*, 347 F.Supp.3d 1163, 1183 (S.D. Fla. Oct. 11, 2018) (citing Fed. R. Evid. 404(b)(1)). "However, such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (citing Fed. R. Evid. 404(b)(2)).

The Plaintiff's criminal history includes four arrests from 1998 to 2009, two of which occurred when the Plaintiff was a juvenile. (Pl.'s First MIL, ECF No. 148 at 2.) The Defendants believe that "Plaintiff's prior arrests can be used to refute his contention that he suffered garden variety emotional and/or psychological harm due to sitting in a holding cell and/or being transported to the Miami-Dade County Jail." (Def.'s Resp. to First MIL, ECF No. 152 at 2.)

The Court finds that under the circumstances of this case, the Plaintiff's prior criminal history is irrelevant; alternatively, the prejudicial effect of such evidence substantially outweighs its probative value. The cases that the Defendants cite in support of using such evidence for the purposes of damages are inapposite. (*See* Def.'s Resp. to First MIL at 1-3.) As the Plaintiff explains, "the crux of Plaintiff's [alleged] damages are not simply the fact of the incarceration;" rather, the Plaintiff alleges that "[t]hey are from the traumatic experience of the arrest itself, the subsequent media frenzy given Plaintiff's celerity, and the resulting effect on his emotional wellbeing." (Pl.'s First MIL, at 3.); *see also Coney v. Cobas*, 129 F. App'x 561, 562 (11th Cir. 2005) (affirming trial court's exclusion of prior arrests where "the crux [of the Plaintiff's] case was the emotional trauma he suffered at the scene of the arrest, rather than the fact of incarceration"). Further limiting the evidence's probative value is the fact that the Plaintiff's last arrest was from eight years prior to the incident at issue in this case. And such evidence is unduly prejudicial to the Plaintiff— as demonstrated by the Defendants' own insinuations in its response to the motion *in limine*. (*See* Def.'s Resp. to First MIL, at 2 ("[I]t wasn't his first *or (even) his second time* being arrested." (emphasis added)).

Under these circumstances, the prejudicial effect of Plaintiff's past arrest history substantially outweighs its little probative value. *See Coney*, 129 F.App'x at 562. The Plaintiff's motion *in limine* to exclude his past criminal history is **granted**.

### B. Discussions with Streaming Platforms

The Plaintiff next seeks to exclude evidence of his discussions with streaming platforms regarding his *Miami Nights* comedy special, noting that "Defendants will likely seek to introduce evidence that Plaintiff could have entered a contract with a streaming service for *Miami Nights* and suggest that the arrest-related material provided a financial benefit to Plaintiff." (Pl.'s First MIL, at 7.)

This motion *in limine* is **denied** because such evidence is not so clearly inadmissible as to warrant exclusion before trial. For example, the Plaintiff himself seeks to introduce testimony that "one of his performances was cancelled because of the arrest and resulting media coverage," and "that these missed opportunities shortly after the arrest had a domino effect on his career and deprived him of exposure and employment opportunities." (*Id.*) Evidence to the contrary—for example, that he was offered substantial sums of money for the *Miami Nights* comedy special detailing his encounter—may be relevant in rebutting that evidence. It is too early to exclude this category of evidence.

### C. Defendant Verne's Good Character

The Plaintiff next seeks to exclude evidence of Defendant Verne's good character, arguing that "[e]vidence of commendations, awards, charitable work, and the like cannot possibly be relevant to any issue in this trial other than to suggest that Defendant Verne is a good person who likely acted in conformity with that good character when he engaged in the conduct that forms the basis for Plaintiff's claims." (Pl.'s Second MIL, at 2.)

This motion *in limine* is **denied.** The Court cannot say that this evidence is so clearly inadmissible as to warrant exclusion before trial. The Plaintiff himself seeks to introduce evidence of Defendant Verne's prior bad acts, both to show Verne's malice and as support for the Plaintiff's *Monell* claim. It is thus possible that the Plaintiff will open the door to the evidence he currently seeks to exclude.

## II.     Conclusion

For the reasons stated above, the Court **grants in part** and **denies in part** the Plaintiff's first motion *in limine* (**ECF No. 148**) and **denies** the Plaintiff's second motion *in limine* (**ECF No. 203**).

**Done and ordered** in Miami, Florida on April 9, 2025.

Robert N. Scola, Jr.
United States District Judge