UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-23078-RNS

HANNIBAL BURESS,

    Plaintiff,

vs.

CITY OF MIAMI and
LUIS VERNE,

    Defendants.

_____/

**CITY OF MIAMI'S**
**REPLY IN SUPPORT OF ITS VERIFIED MOTION FOR ATTORNEYS' FEES**

        GEORGE K. WYSONG III, City Attorney
        KEVIN R. JONES, Deputy City Attorney
        BRANDON L. FERNANDEZ, Assistant City Attorney
        Attorneys for City of Miami, Luis Verne
        The City of Miami
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL 33130-1910
        Tel.: (305) 416-1800
        Fax: (305) 416-1801
        Primary Emails:   bfernandez@miamigov.com

        By: */s/ Brandon L. Fernandez*
            Brandon L. Fernandez
            Assistant City Attorney
            Florida Bar No. 1002969

        By: */s/ Kevin R. Jones*
            Kevin R. Jones
            Deputy City Attorney
            Florida Bar No. 119067

The City of Miami submits this Reply to correct certain statements in Plaintiff's Response to the City's Verified Motion for Attorney's Fees [ECF No. 221].

***First*,** the Plaintiff contends the City is not entitled to fees for his failure to attend mediation because this Court cannot make "specific findings" the Plaintiff operated with "subjective bad faith" required to unlock the Court's ability to issue sanctions pursuant to its inherent authority. Resp. at 2-4. Wrong. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 3539737, at *5 (S.D. Fla. June 4, 2015) (Goodman, J.) ("A court has the inherent power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences and mediations, and can use its inherent power to enforce mediation-related orders."). Although the Response spends significant effort advancing arguments this Court cannot sanction the Plaintiff pursuant to its inherent authority because there is no evidence as to "subjective bad faith," the Plaintiff overlooks that the Court already exercised its discretion to find that an assessment of attorney's fees is warranted because the Plaintiff's "mis-calendaring" excuse was neither justifiable or excusable. *See* ECF Nos. 208, 210 (show cause order and order requesting Defendants to submit memorandum supporting amount of fees requested after filing of declaration). In other words, the Plaintiff misconstrues the Court's Orders as they have effectively preempted the Plaintiff's arguments regarding any requirement to find subjective bad faith prior to imposing sanctions upon the Plaintiff.

***Second***, in addition to its inherent authority, the Court has other tools in its belt to sanction the Plaintiff for violating numerous orders requiring his personal attendance at mediation issued by both Judge Scola and Chief Magistrate Judge Goodman. [*Omnibus Order* at ECF No. 197 at ¶¶ 5, 8, 12; *Order Scheduling Zoom Settlement Conference* at ECF No. 208 at ¶ 5]. Rule 16(f)(1)-(2) is one such tool at the Court's disposal to sanction the Plaintiff for his "oversight." *Puck v.*

2

*Silverman*, No. 1:22-CV-24078-KMM, 2023 WL 8679211, at *7–8 (S.D. Fla. Nov. 7, 2023) (Louis, J.) (explaining Rule 16(f) allows Courts "on its own" to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)" for failing to appear at mediation or obeying a pretrial order, and "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."). Notably, and contrary to Plaintiff's argument, "[i]n deciding whether a sanction is merited under Rule 16(f), the court need not find that the party acted in bad faith." *Id.* Simply put, because the Plaintiff violated Local Rule 16(e), Judge Scola's Omnibus Order, and Judge Goodman's Order regarding mediation, the Court is well within its discretion to sanction the Plaintiff both pursuant to Rule 16(f) *and* its inherent authority without the need to show subjective bad faith. *See* S.D. Fla. Loc. R. 16.2(e) ("Failure to comply with the participation or settlement authority requirements may subject a party to sanctions by the Court."); *Patheon Inc.*, 2015 WL 3539737 at *5; *In re Siskind*, No. 9:17-CV-81004, 2018 WL 634547, at *3 (S.D. Fla. Jan. 31, 2018) ("Although the Bankruptcy Court did not specify the source on which it relied in sanctioning Appellant, it nonetheless had the authority to impose sanctions under both § 105(a) and Rule 1001-1(D) based on a violation of the rules and was not required to make a finding of bad faith.").

**Third**, to the extent subjective bad faith must be shown, "[a] court may find bad faith when a party has committed a fraud on the court, delayed or disrupted the litigation, or hampered the enforcement of a court order." *Snider-Hancox v. NCL Bahamas Ltd.*, No. 17-20942-CIV, 2018 WL 6448765, at *2 (S.D. Fla. Dec. 3, 2018). Thus, because the Plaintiff's violation of this Court's orders delayed and disrupted the litigation, the Court may find bad faith by the Plaintiff pursuant

3

to its inherent authority for said delay. *Id.* ("Plaintiff's actions did ultimately cause a delay in the trial and did hamper the Court-ordered forensic examination of Plaintiff's phone. Consequently, the undersigned finds the requisite bad faith and concludes that sanctions pursuant to the Court's inherent authority are warranted."). Finally, the Plaintiff claims this Court should deny the City's Motion because it "could not present any evidence of Plaintiff's bad faith" thereby precluding this Court's ability to sanction the Plaintiff. [Resp. at 4]. And while the Plaintiff declared he "mis-calendared the time and believed that the mediation was scheduled for after 11am," that statement in and of itself doesn't shield him. Other than a purported "mistake," the Plaintiff fails to meaningfully explain why he thought a mediation scheduled for 9:00AM EST time would be set at some unspecific time "after 11am." Indeed, based upon the City's review of the Plaintiff's publicly available social media immediately following his non-appearance at the March 23 mediation, it appears the Plaintiff spent the weekend celebrating the opening of his new comedy and strip club venture in Brooklyn, New York. Thus, if the Court is inclined to assess the sufficiency of the Plaintiff's claim that he is innocent of bad faith to support his argument the City is not entitled to attorney's fees, perhaps an evidentiary hearing is necessary. However, as outlined in its motion, the City submits there are numerous legal grounds to grant its request for fees without a finding of bad faith. *Patheon Inc.*, 2015 WL 3539737 at *5.

**Fourth,** the Plaintiff claims that the City cannot recover fees because its Assistant City Attorneys are "salaried" employees who were otherwise not actually "compensated," thereby making any fee award "impermissibly punitive." Resp. a 3-4. Wrong again. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) ("[T]he court can shift only those attorney's fees incurred because of the misconduct at issue. Compensation for a wrong, after all, tracks the loss resulting from that wrong. So as we have previously noted, a sanction counts as compensatory

only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based. A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned. But if an award extends further than that—to fees that would have been incurred without the misconduct—then it crosses the boundary from compensation to punishment."). In other words, Plaintiff is engaging in semantics by representing to this Court that the holding in *Goodyear* requires the City's attorneys to actually be paid by someone prior to obtaining any entitlement to attorney's fees. *See* Resp. However, as shown above, Plaintiff's characterization of the holding in *Goodyear* is inaccurate and does not stand for the proposition that salaried government attorneys cannot recover attorney's fees. *Goodyear*, 581 U.S. at 108. Worse yet, the Plaintiff's Response fails to confront the City's arguments supported by authority from the Supreme Court and Courts in the Southern District that have authorized an award of attorney's fees to government agencies. Mot. at 3-4; *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Tyrone Greene, et al. v. Miami-Dade County, Fla., et al.*, Case No. 13-CV-22231, at ECF Nos. 98-99 (S.D. Fla. Mar. 24, 2015) (Ungaro, J.) (awarding attorneys' fees to Assistant County Attorneys).

In other words, true to form, the Plaintiff has forfeited this argument. *See, e.g., NAEH Media Grp. LLC v. City of Lauderhill, Fla.*, No. 21-CV-61270, 2023 WL 2263673, at *9 (S.D. Fla. Feb. 28, 2023) (Altman, J.) (discussing forfeitures).

***Fifth***, the Plaintiff's Response failed to contest the reasonableness of the hourly rates requested by Deputy City Attorney Kevin Jones ($800/hr) and Assistant City Attorney Brandon L. Fernandez ($525/hr). Thus, Plaintiff has forfeited their challenge to the reasonableness of the rates requested. *NAEH Media Grp. LLC*, 2023 WL 2263673, at *9. Finally, it appears the Plaintiff misapprehended the City's Motion as to the number of hours claimed, where he states "the City does not explain how it reached its calculation of two hours," and that the City otherwise "assumes

5

it is entitled to 5.4 hours for both attorney's time." Resp. at 5. The Plaintiff is missing the point. The City claimed 5.4 hours of time in connection with the mediation, and voluntarily cut down its time to a total of two (2) hours in the spirit of compromise. *See* Mot. And the Plaintiff's contention that "any time spent preparing for mediation will still be put to use at the rescheduled mediation on April 23, 2025" again misses the point. If the Plaintiff complied with its obligations to attend mediation, then the City, Officer Verne, and this Court would not have wasted time preparing and driving into downtown Miami on a Monday morning so the Plaintiff could fail to show. Because the Plaintiff failed to provide authority as to why the 2 hours of time claimed is unreasonable, he has forfeited same. *NAEH Media Grp. LLC*, 2023 WL 2263673 at *9. And because the City was forced to draft and file this Reply, the Court should exercise its discretion to award the City its full amount of attorney's fees of $3,444.00 as a sanction (Mr. Jones $800 x 2.2, Fernandez $525 x 3.2).

WHEREFORE, the City of Miami, respectfully requests that the Court enter an order awarding the CITY OF MIAMI attorneys' fees for the reasons set forth above.

    Respectfully submitted,

    GEORGE K. WYSONG III, City Attorney
    KEVIN R. JONES, Deputy City Attorney
    BRANDON L. FERNANDEZ, Assistant City Attorney
    Attorneys for City of Miami, Luis Verne
    The City of Miami
    444 S.W. 2nd Avenue, Suite 945
    Miami, FL 33130-1910
    Primary Emails:    bfernandez@miamigov.com

By: */s/ Brandon L. Fernandez*
    Brandon L. Fernandez
    Assistant City Attorney
    Florida Bar No. 1002969

By: */s/ Kevin R. Jones*
    Kevin R. Jones
    Deputy City Attorney
    Florida Bar No. 119067

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or is otherwise served on *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing to the electronic or physical addresses on the docket.

By: ***/s/ Brandon L. Fernandez***
Brandon L. Fernandez
Assistant City Attorney
Florida Bar No. 1002969