UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| HANNIBAL BURESS, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-23078-RNS |
| | ) |
| v. | ) |
| | ) The Hon. Robert N. Scola, Jr. |
| CITY OF MIAMI and LUIS VERNE, | ) Magistrate Judge Jonathan Goodman |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ECF NO. 235
OR TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL**

Pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292, Plaintiff, Hannibal Buress, by and through his counsel, respectfully files this motion for reconsideration of the Court's Order dated April 15, 2025, and docketed April 16, 2025 (ECF No. 235). In the alternative, Plaintiff respectfully requests that this Court certify the Order (ECF No. 235) for interlocutory review and stay this action pending appeal.

**INTRODUCTION**

Motions to reconsider are rarely granted, and reconsideration of an order on a motion to reconsider would be truly unusual. Under these circumstances, however, reconsideration is essential to avoiding a substantial waste of party and judicial resources and years of delay in achieving finality in this five-year-old case.

Plaintiff's request and the reasons for it are straightforward: there should be one trial on Plaintiff's false arrest, not two. Regardless of what the Court does at the close of the evidence—potentially even granting a motion for judgment as a matter of law—reconsideration would allow a jury to hear the evidence against the City and the Eleventh Circuit to decide if Plaintiff satisfied his burden. Without reconsideration now, Plaintiff is forced to change course on his longstanding

1

trial plan against the City and Defendant Verne, isolate his case against Defendant Verne, try it, followed by an appeal to the Eleventh Circuit on the *Monell* claim against the City, which, if successful (as Plaintiff expects), would require a second trial on Plaintiff's false arrest—to be followed by yet another appeal of that verdict. In short, reconsideration would avoid extending these proceedings by years and (at least) hundreds of hours of legal work.

Reconsideration is far and away the best and most efficient path forward. But if the Court is not inclined to take that path, an interlocutory appeal would be a second-best option. An interlocutory appeal is easily warranted to resolve the *Monell* legal questions without requiring two separate trials on the same videorecorded false arrest, featuring the same witnesses and much of the same evidence.

## BACKGROUND

On August 30, 2023, this Court denied Defendant City of Miami's motion for summary judgment on Plaintiff's *Monell* claim, finding a genuine dispute of material fact and holding that Plaintiff provided evidence that if believed, could establish the City's liability for the alleged violations of Plaintiff's constitutional rights. ECF No. 165 at 13-15. This evidence included documents related to a Department of Justice investigation of the Miami Police Department, internal complaints, civil litigation settlements, media coverage of false arrests, and the opinions of Plaintiff's police practices expert, Dr. Chapman. *Id.* The Court also denied Defendant Verne's motion for summary judgment. *Id.* at 15.

Defendant Verne filed an interlocutory appeal from the Court's denial of his motion. The case was stayed while Defendant Verne's appeal was pending. ECF No. 167. The Eleventh Circuit affirmed the Court's decision in August 2024. *Buress v. City of Miami, et al.*, No. 23-12895, 2024 WL 3666076 (11th Cir. Aug. 6, 2024).

Following the Eleventh Circuit's decision, the case was re-opened and set for the May 5, 2025 trial term. ECF Nos. 184, 190. On February 21, 2025, Defendants filed a motion to bifurcate trial. ECF No. 198. This Court denied that motion, holding that there would be substantial judicial inefficiencies to bifurcation, including duplicative presentation of evidence. ECF No. 219.

On March 7, 2025, the City of Miami filed a motion for reconsideration of the Court's denial of its motion for summary judgment. ECF No. 201. Plaintiff responded and the City filed a reply. ECF Nos. 210, 222. On April 15, 2025, the Court held oral argument and took the motion under advisement. ECF No. 234.

On April 16, 2025, the Court docketed a minute order stating that, "[i]n light of the parties' settlement conference on April 23, 2025," the Court was granting the City's motion to reconsider with a written opinion to follow. ECF No. 235 (ordered April 15 and entered on the docket April 16). The parties were unable to reach a settlement. ECF No. 253. Trial against Defendant Verne is scheduled to go forward in the May 5 term. *Id.*

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This rule provides district courts with authority to reconsider non-final orders prior to final judgment. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). Under 28 U.S.C. § 1292(b), a district judge may certify an appeal from an interlocutory order if that order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

**ARGUMENT**

A trial against Defendant Verne is set for the May 5 term. Regardless of the outcome of the trial against Defendant Verne, however, Plaintiff intends to appeal the Court's recent grant of the City's motion for summary judgment. To preserve judicial resources and prioritize efficiency, therefore, Plaintiff urges the Court to reconsider its April 15, 2025 Order and allow the claims against the City to proceed to trial together with the claims against Defendant Verne. That would allow Plaintiff to try the claims against Defendant Verne and the *Monell* claim against the City in a single proceeding, as the Court found to be the logical path forward in its Order denying Defendants' motion to bifurcate the trial, as well as in the August 2023 order denying summary judgment, which supplied the backbone of this case for the last two years. In proceeding to trial against Defendant Verne and the City together, the City would of course be free to raise a Rule 50(a) and 50(b) motion following the conclusion of their case and the jury's verdict, respectively. This would preserve objections to the claim against the City, while minimizing the specter of a second trial regarding Plaintiff's false arrest if the Eleventh Circuit disagrees with this Court on appeal.

Alternatively, if the Court does not reconsider its ruling on the *Monell* claim, the Court should certify an interlocutory appeal from its April 15, 2025 Order and stay this case while the appeal is pending. Plaintiff acknowledges that certification would delay trial—though there is no reason to expect any delay be any different from the delay caused by Defendant Verne's own appeal from the Court's summary judgment order in 2024. However, certification would also avoid the substantial risk of two separate trials about the same event.

**I.     The Court should grant Plaintiff's motion for reconsideration and allow Plaintiff to try the individual and *Monell* claims together.**

As things currently stand, Plaintiff expects to try (and win) his case against Defendant Verne and then file an appeal to challenge the Court's grant of summary judgment on Plaintiff's *Monell* claim against the City. If the Eleventh Circuit agrees that the *Monell* claim against the City should proceed to trial—as this Court originally found in August 2023—then the case will need to return for a second trial on that claim. Having two separate trials about the same event would be enormously inefficient for the parties and the Court. Indeed, the Court already recognized some of these inefficiencies when it denied the motion to bifurcate in March 2025. *See* ECF No. 219 ("bifurcation would . . . generate inefficiencies by requiring the parties to present the same witnesses and evidence in both trials." (quoting *Echavarria v. Roach*, No. 16-cv-11118, 2022 WL 279609, at *1 (D. Mass. Jan. 31, 2022)); *see also* ECF No. 202 (Pl.'s Resp. in Opp. To Defs.' Mot. To Bifurcate Trial).

The same holds true today. Following the conclusion of trial and the entry of a final judgment in this case, Plaintiff will appeal the Court's order denying summary judgment. Should the appellate court reinstate the *Monell* claim against the City, the Parties will be forced to return to the Court for a second trial about Plaintiff's false arrest, including, of course, all that goes with a trial: pretrial filings, conferences, jury selection, the same witnesses re-examined, and evidence re-introduced. It is far more efficient to try both claims in tandem and, if the Court remains convinced that Plaintiff has not proven a *Monell* claim, either enter a directed judgment at the close of evidence or j.n.o.v. after the verdict is returned. *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 728 F. Supp. 2d 1170, 1182 (D.N.M. 2010) (noting that a court may grant a directed judgment, even if it has denied summary judgment, because the former allows the court to assess all the relevant and available evidence). And if the jury finds in favor of the City, that would provide

greater finality than a summary judgment ruling that kept Plaintiff's *Monell* evidence from the jury.

For the avoidance of doubt, Plaintiff adds that trial of both claims in a single trial will not unduly prolong or complicate matters for the jury. As the Court has already found, "[]based on the record, the Court does not see the number and type of limiting instructions" necessary for trial on both claims "becoming burdensome and confusing for a jury." ECF No. 219 at 3-4.

During the April 15, 2025 oral argument on the motion for reconsideration, the Court appeared to be concerned with the admissibility of certain of Plaintiff's *Monell* evidence, like settlements in other cases. However, rather than introducing this evidence document by document, Plaintiff intends to present much of its *Monell* evidence through Plaintiff's police practices expert witness, who can rely on these materials even if the Court finds that the materials themselves are not separately admissible. This is entirely proper: "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703; *see also United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (expert witnesses are free to testify based on otherwise inadmissible hearsay if type of information is reasonably relied upon by experts in the field). Plaintiff will present other relevant evidence through the City's Rule 30(b)(6) witness.

II.     **Alternatively, the Court should certify an interlocutory appeal to avoid the need for two separate trials.**

If the Court does not reconsider its decision to grant summary judgment to the City, Plaintiff requests that this Court certify an immediate appeal of the April 15, 2025 Order and underlying summary judgment order so that the Eleventh Circuit can authoritatively resolve whether there is a triable *Monell* claim in this case.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for appeal that is not otherwise appealable as of right if it "involves a controlling question of law as to which there is substantial ground for difference of opinion," such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Whether to certify an immediate appeal of an order under 28 U.S.C. § 1292(b) is within the discretion of the district court. *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007). All of the interlocutory appeal prerequisites are satisfied here.

First, the Court's Order granting the City's motion for reconsideration involves a controlling question of law because it implicates the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). The City presented such questions of law in its motion for reconsideration, specifically (1) what number of incidents constitutes "notice" of a pattern or practice under *Monell*; (2) how substantially similar the prior incidents must be to the misconduct at issue; and (3) what types of evidence the plaintiff may rely on to prove deliberate indifference. The parties sharply disagree on whether the law categorically precludes reliance on settlements, police conduct complaints, and other evidence in the record as the basis for a *Monell* claim, as well as whether and to what extent comparator evidence is required. *Compare* ECF No. 201 *with* ECF No. 210. *See Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998) (certifying *Monell* liability question of whether sheriff acted as an official policymaker on behalf of the state under § 1292(b)).

Second, the Order involves a "substantial ground for difference of opinion." This Court itself has come to differing opinions on whether there is a triable issue on *Monell* liability under Eleventh Circuit precedent. Thus, there is no question that fair-minded jurists could reach conflicting determinations.

Third, interlocutory appeal will materially advance the termination of this litigation. To materially advance the termination of the litigation, the resolution of the question must either "serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* at 1259; *see also U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 683 F. Supp. 1139, 1176 (W.D. Mich. 1988) ("[c]ourts have long recognized that the controlling issue in a request for certification is whether the subsequent appeal would appreciably shorten the time, effort and expense exhausted between the filing of a lawsuit and its termination") (internal quotation marks and citation omitted). Certifying the appeal now would substantially reduce the time and expense of this litigation because it would spare the parties, witnesses, and the Court the prospect of two separate trials. The Court is authorized to stay the case during the time that an application for an appeal is pending, so there would be no inefficiencies while the parties are waiting for the Eleventh Circuit to decide whether to take the appeal. 28 U.S.C. § 1292(b).

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its Order granting the Defendant City of Miami's motion to reconsider the denial of summary judgment or, alternatively, certify the Order for appeal and stay this action pending appeal.

## LOCAL RULE 7.1(a)(3)(A) COMPLIANCE

Counsel for Plaintiff conferred with Counsel for Defendants regarding the relief sought herein via Microsoft Teams on April 25, 2025. Defendants oppose Plaintiff's motion.

Respectfully submitted,

**HANNIBAL BURESS**

By: /s/ Faudlin Pierre
    One of his attorneys

Faudlin Pierre
PIERRE SIMON
600 SW 4th Avenue

Fort Lauderdale, Florida 33131
(305) 336-9193
Fplaw08@yahoo.com

Sarah Grady
Howard Kaplan
Vanessa del Valle
Annie Prossnitz
Kaplan & Grady
2071 N. Southport Avenue, Ste. 205
Chicago, IL 60614
(312) 852-2184
vanessa@kaplangrady.com

Danielle Berkowsky
Roderick and Solange MacArthur Justice Center
160 East Grand Avenue, 6th Floor
Chicago, IL 60611
(312) 503-0899
danielle.berkowsky@macarthurjustice.org

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system on April 25, 2025.　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Faudlin Pierre