United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Hannibal Buress, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23078-Civ-Scola |
| | ) | |
| City of Miami, and others, Defendants. | ) ) | |

## Omnibus Order

     Sometimes, counsel must take a breath and slow down. Here, the Plaintiff, Hannibal Buress, inadvertently styled his Rule 26(a)(3)(B) objections as a motion. (ECF No. 248.) The Defendant Verne initially, and reasonably, believed that the objections were in effect an untimely motion *in limine*, given the style and some of the language Buress used throughout the motion. (*See id.*) So, Verne's counsel reached out to Buress's counsel, explaining that they sought to strike the Plaintiff's objections because a motion *in limine* was untimely and the Plaintiff failed to confer as required by Local Rule 7.1. (Pl.'s Response to Def.'s Mot. to Strike, Ex. 1, ECF No. 266-1 at 11-12.)

     In response, Buress's counsel clarified that they did not intend to file the objections as a motion and proposed a solution: to refile the document as a Notice of Objections. (*Id.* at 9.) But Verne's counsel declined that proposal and decided to file a motion to strike (ECF No. 259), based in part on the Plaintiff's lack of good faith conferral. Verne's course of action was ironic, given that in Verne's conferral with the Plaintiff on his own motion to strike, Verne's counsel declined to do what Local Rule 7.1 is designed to do—require attorneys to come together, act like adults, and come up with reasonable solutions to fixable problems.

     Buress's proposal makes sense. He shall refile his objections to clarify that they are indeed objections, rather than a motion seeking relief from the Court. Therefore, Buress's motion (**ECF No. 248**) is **denied as moot** so that he can refile his objections properly. Verne's motion (**ECF No. 259**) is **denied**.

     The same can be said regarding Verne's motion to strike Buress's Rule 26(a)(3) disclosures. (ECF No. 249.) There, Verne objects to the fact that the report of one of the Plaintiff's experts, John Wentworth, failed to "provide a list of cases in the last 4 years in which he testified, and does not contain a statement of compensation to be paid for his work and testimony in the case." (Def.'s Mot., at 3.) Upon conferral, Buress provided that information. (*Id.*) That should have been the end of this story. Yet, Verne believes that Buress's

omission of this information nearly two years ago—which Verne only takes issue with now—warrants striking the report. That is a drastic avenue the Court declines to take.

Moreover, Verne takes issue with the content of Wentworth's report—specifically that he fails to provide a numerical value on the reputational harm Buress allegedly suffered. (*Id.* 4-5.) In other words, Verne filed a second *Daubert* motion, even though the Court allows for one *Daubert* motion (which Verne already filed), which was required to be filed by March 10, 2025. (Order Reopening Case, Third Amended Scheduling order, and Order of Referral to Mediation, ECF No. 190 at 2.) Verne's motion (**ECF No. 249**) is improper and therefore **denied**.

The parties are reminded that Local Rule 7.1 imposes obligations on the parties and their counsel that must be taken seriously.

**Done and ordered** at Miami, Florida on June 10, 2025.

_____
Robert N. Scola, Jr.
United States District Judge