United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hannibal Buress, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-23078-Civ-Scola |
| | ) |
| City of Miami, and others, | ) |
| Defendants. | ) |

**Order on Defendant Luis Verne's *Daubert* Motion**

This matter comes before the Court upon Defendant Luis Verne's *Daubert* motion to exclude the testimony of Plaintiff Hannibal Buress's expert Dr. Christopher Chapman. (Mot., ECF No. 150.) The now-dismissed defendants, the City of Miami and Elio Villegas, also joined the motion before they were dismissed from the case. The City of Miami sought to exclude the testimony of Chapman on different grounds than Verne and Villegas. (*See generally* Mot.)

In 2023, after the current motion was filed, the Court granted Villegas's motion for summary judgment and dismissed him from the case. (*See* Order on Mots. for Summary Judgment, ECF No. 165.) Recently, the Court dismissed the City of Miami after the Court granted the City's motion for reconsideration of the Court's denial of its motion for summary judgment (Order on Mot. for Reconsideration, ECF No. 258). The Court thus denied as moot the City's *Daubert* motion with respect to Chapman. (*See id.*)

Therefore, the only live issue on the current motion is with respect to Verne's motion to exclude Chapman's testimony. Buress filed a response. (Resp., ECF No. 155.) The Defendants—including Verne—did not file a reply. The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **denies** Verne's *Daubert* Motion (**ECF No. 150**).

1. **Factual Background**

The Plaintiff, Hannibal Buress, is a well-known stand-up comedian who brought this case against two Miami Police Department ("MPD") Officers, Luis Verne and Elio Villegas, and the City of Miami, for violations of his civil rights under both federal and Florida law based on an incident in the Wynwood area of Miami on December 9, 2017. Specifically, Buress brought four claims against Officer Verne: two violations of 42 U.S.C. § 1983 ("Section 1983") for

false arrest (Count 1) and retaliatory arrest (Count 2), and two state common-law claims for malicious prosecution (Count 5) and false arrest (Count 6). (Am. Compl. ¶¶ 62-73, 88-102, ECF No. 26.) He also brought one claim for violation of Section 1983 for failure to intervene against Officer Villegas (Count 3), and one claim against the City of Miami itself (Count 4) for an unlawful policy or procedure that allowed the violations of his civil rights under Section 1983 (the "*Monell*" claim). (*Id.* ¶¶ 74-87.)

Buress retained Dr. Christopher Chapman as a testifying expert in this case. (*See* Expert Report of Dr. Christopher Chapman, ECF No. 139-1.) Dr. Chapman is a retired Sergeant of Police with the Township of Cranford Police Department, Cranford, New Jersey. (*Id.* at 5.) Dr. Chapman has held numerous law enforcement positions and is also an Associate Professor and Founding Director of the Criminal Justice Degree Program at Kinsborough Community College—City University of New York (CUNY), Brooklyn, New York. (*Id.*)

As it relates to Verne, Dr. Chapman opines that "[t]he arrest and handcuffing of Mr. Buress on December 9, 2017 . . . was objectively unreasonable and not consistent with police training/standards," and "consistent with what is commonly referred to as Contempt of Cop." (*Id.* at 9-10.)

### 2. Legal Standard

Federal Rule of Evidence 702 provides a three-part inquiry for trial courts to consider prior to admitting expert testimony, that is whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in [*Daubert*, 509 U.S. 579]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011). The proponent of the expert opinion bears the burden of establishing qualification, reliability, and helpfulness by a preponderance of the evidence. *Daubert,* 509 U.S. at 592 n.10. "[T]he Committee Note to the 2000 Amendments of Rule 702 expressly says that, '[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).

### 3. Analysis

**A. Fed. R. Evid. 702/*Daubert***

Verne believes that Chapman "improperly usurps the jury's role of evaluating the testimony of the witnesses, making determinations as to the credibility of the witnesses, and applying those facts to the law instructed to them by this Court." (Mot., at 6.) Verne also argues that Chapman will opine on "whether the officers violated constitutional standards," which "is the function of the jury." (*Id.* at 7.) Verne contends that "Chapman's attempts to make internal police standards the governing law risks confusing the jury as to the applicable standard." (*Id.*)

However, in his response, Buress confirms that Chapman will only opine on whether "the actions of [Verne] violate professional standards." (*Id.* at 9.) Moreover, Buress clarifies that "[b]efore a jury, Dr. Chapman will not provide testimony about the existence of probable cause; instead, he will testify about Officer Verne's procedures and tactics." (*Id.* at 10.)

Given these limitations, Verne has not shown that Chapman's testimony is inadmissible under Fed. R. Evid 702 and *Daubert*. "A police practices expert may present factors that might inform an officer's decision regarding standards such as probable cause or the use of force when making arrests," as "such testimony speaks to prevailing standards in law enforcement and may be quite helpful to the jury in conducting its own analysis . . . ." *See Day v. Edenfield*, Case No. 5:19cv506-MCR/MJ, 2022 WL 972430, at *4 (N.D. Fla. March 31, 2022) (citation omitted). Thus, Chapman's role is "limited to describing sound professional standards and identifying departures from them." *Id.* (citations omitted).

The Court thus denies Verne's *Daubert* motion, albeit without prejudice. In *Day*—upon which Buress relies—the court ultimately excluded the plaintiff's police practices expert because the expert "ma[de] conclusory statements and g[ave] opinions based on his view of the evidence and his credibility assessments, with no explanation of how the facts relate to his specialized knowledge or experience and without any citation to data, literature, or specific professional standards." *See id.* Verne's *Daubert* motion does not go into detail as to whether Chapman does the same, only stating—in a conclusory manner—that Chapman "improperly usurps the jury's role of evaluating the testimony of the witnesses, making determinations as to the credibility of witnesses, and applying those facts to the law instructed to them by this Court." (Mot. at 6.) Thus, Verne has not yet met his burden to exclude Chapman under *Daubert*.

Yet, in Buress's response to Verne's *Daubert* motion, Buress states that Chapman's first opinion includes opining that "a[] reasonable officer in Officer Verne's position would not have reasonably believed they had the authority to censor Mr. Buress's speech regardless of Officer's Verne disagreement with the speech." (Resp., at 1.) This toes the line between opining on "sound professional standards and identifying departures from them" on the one hand, and whether Officer Verne did indeed violate state law, on the other. *See* Day, 2022 WL 972430, at *4 (citations omitted). However, the Court gives credit to Buress's purported limitations on Chapman's potential testimony. (*See* Resp., at 9-10.)

### B. Fed. R. Evid. 403

"[S]ometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying [Fed. R. Evid.] 403." *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004). "Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury, or if the expert testimony is cumulative or needlessly time consuming." *Id.* (citations omitted).

Verne believes Chapman's testimony is inadmissible under Fed. R. Evid. 403 because "Chapman's testimony about whether Officer Verne had the legal authority to arrest Plaintiff and whether the constitution was violated would mislead the jury in its function as a factfinder, waste time, and is outweighed by the facts that [Buress] hope[s] to prove." (Mot. at 8.) Therefore, to Verne, Chapman's "legal conclusions . . . would also present cumulative evidence to the extent it is based on any facts." (*Id.*)

However, it is premature to conclude that Chapman's testimony is inadmissible under Fed. R. Evid. 403. To begin with, and as Buress points out, Verne fails to "provide . . . citations to specific opinions included in Dr. Chapman's report that would confuse the jury, nor does [he] explain precisely why his testimony would confuse the jury." (Resp., at 10.)

Additionally, and as the Court noted when denying Verne's *Daubert* motion, Buress purports to place limits on Chapman's testimony that would prevent Chapman from opining on issues that are solely within the province of the jury. Thus, at this time, the Court cannot conclude that Chapman's testimony would mislead or confuse the jury in a way that substantially outweighs the relevance of his testimony.

Finally, Verne misstates the standard on cumulative evidence when he states that Chapman "would also present cumulative evidence to the extent it is based on *any* facts." (Mot., at 8 (emphasis added).) Rule 403 only excludes

the "*needless* presentation of cumulative evidence" when the repetitive nature of such evidence "substantially outweigh[s]" its relevance. *See* Fed. R. Evid. 403 (emphasis added). Verne seems to believe that Rule 403 excludes *any* cumulative evidence. That is not the import of Rule 403.

Therefore, the Court will not, at this time, exclude Chapman's testimony under Rule 403.

### 4. Conclusion

For the foregoing reasons, the Court **denies** Luis Verne's *Daubert* motion (**ECF No. 150**).

**Done and ordered** in Miami, Florida on July 9, 2025.

_____
Robert N. Scola, Jr.
United States District Judge